869 F.2d 1491
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William LANE, Plaintiff-Appellant,
v.
Kerry ROWLAND, Officer; Joseph Hoffman; Nick Clooney,
Anchorman, Defendants- Appellees.
 No. 88-3424.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1989.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 William Lane appeals pro se the district court's judgment sua sponte dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Lane claimed that two Cincinnati police officers violated his constitutional rights to a fair trial and fair appeal when they introduced altered and misleading evidence to the courts.
 
 
 3
 The district court sua sponte dismissed the action under 28 U.S.C. Sec. 1915(d) without prejudice to Lane's right to refile his claims after obtaining habeas corpus relief under 28 U.S.C. Sec. 2254.
 
 
 4
 On appeal this court has learned that Lane's conviction was reversed on direct appeal. The reversal, however, was based on grounds other than those asserted for relief in this action.
 
 
 5
 Upon consideration, we affirm the district court's judgment. Lane cannot obtain relief under 42 U.S.C. Sec. 1983 based on his issue regarding defendants' alteration of his recorded personal statement because the issue was actually and fairly litigated in Lane's direct appeal and he is precluded from further litigating the issue under the doctrine of collateral estoppel. See Walker v. Schaeffer, 854 F.2d 138, 142 (6th Cir.1988); Coogan v. City of Wixom, 820 F.2d 170, 175 (6th Cir.1987).
 
 
 6
 As is apparent by the fact that plaintiff's conviction was reversed on appeal, his remaining claims challenging the fairness of his appeal are without merit.
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.